**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

EDGAR VELEZ

Plaintiff

v.

ALEJO CORPORATION d/b/a DISCOUNT FOOD MARKET; JOSE LUIS VALVERDE, Individually and d/b/a ANTOJITOS MEXICANOS ALI d/b/a PALETERIA Y NEVERIA ALI/ICE CR and ISHVAR ESTATES, INC.

Defendants

Case No.: 6:15-cv-1562-ORL-37TBS

FILED
2015 SEP 21 PM 3:38
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO. FLORIDA

**COMPLAINT**
**INJUNCTIVE RELIEF DEMANDED**

Plaintiff, EDGAR VELEZ ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants ALEJO CORPORATION d/b/a DISCOUNT FOOD MARKET and JOSE LUIS VALVERDE d/b/a ANTOJITOS MEXICANOS ALI d/b/a PALETERIA Y NEVERIA ALI/ICE CR, and ISHVAR ESTATES, INC.; (hereinafter collectively the "Defendants") for Injunctive Relief, attorney fees and costs (including but not limited to, court costs and expert fees), pursuant to the American Disability Act (ADA), 42 U.S.C.§12181, et seq., and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court is vested with original jurisdiction over the action pursuant to 28 U.S.C.§§

133 and 1343 for Plaintiff's claims arising under 42 U.S.C. §12181 et seq. based upon Defendants failure to remove physical barriers to access and violations of Title III of the ADA. *See also*, 28 U.S.C. §§ 2201 and 2202.

2. Venue is proper to this Court, Orlando Division, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to the instant lawsuit occurred in Volusia County, Florida.

**PARTIES**

3. Plaintiff, EDGAR VELEZ, a resident of the State of Florida, lives in Volusia County, is *sui juris,* and suffers from a "qualified disability" as defined by the ADA. Defendant has suffered a broken back and is a paraplegic. For approximately 30 years, he has been required to traverse in a wheelchair, and is substantially limited to performing one or more major life activities including, but not limited to, walking, standing, grabbing, grasping, and/or pinching. Plaintiff uses a wheelchair for mobility purposes.

4. Defendant, ALEJO CORPORATION d/b/a DISCOUNT FOOD MARKET is a Florida Corporation, that transacts business in the State of Florida and within this judicial district. It operates the business located at 1335 N. Woodland Blvd., Deland, FL, referred to in this Complaint as the Facility, is the lessee and/or sub-lessee and operator of the real property and improvements which are the subject of this action.

5. Defendant, JOSE LUIS VALVERDE d/b/a ANTOJITOS MEXICANOS ALI d/b/a PALETERIA Y NEVERIA ALI/ICE CR., is a Florida Corporation, that transacts business in the State of Florida and within this judicial district. It operates the business located at 1335 N.

Woodland Blvd., Deland, FL, referred to in this Complaint as the Facility, is the lessee and/or sub-lessee and operator of the real property and improvements which are the subject of this action.

6. Defendants, ISHVAR ESTATES, INC., transacts business in the State of Florida and within this judicial district, is the owner and/or lessor of the real property and improvements which the Facility is situated, and is the subject of this action (referred in this Complaint as the "Property".)

7. Plaintiff personally visited the Facility on July 17, 2015, but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, privileges and accommodations offered therein, even though he would be classified as a "bona fide patron", because of his disabilities.

8. On the above-stated date. Plaintiff traveled to the Facility and Property as a Customer and encountered the barriers to access the Facility and Property further detailed in the instant Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers discussed below.

9. Plaintiff intends to visit the Facility and Property within six months, or sooner, as soon as the Facility and Property are accessible again.

**FACTUAL ALLEGATIONS AND CLAIMS**

10. On July 28, 1990, Congress enacted the American with Disabilities Act, 42 U.S.C. §12101, et seq.

11. Congress found, among other things, that:

i. some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older.

    ii.    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    iii.    discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting and access to public services;

    iv.    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs or other opportunities, and;

    v.    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a) (1)- (3), (5) and (9).

12. Congress explicitly stated that the purpose of the ADA was to:

    i.    Provide a clear and comprehensive national mandate for the elimination of discrimination against the individuals with disabilities;

    ii.    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities, and;

    iii.    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4),

13. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title II of the ADA was January 26, 1992, or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C.§12181; 28 C.F.R. §36.508(a).

14. The Facility is a public accommodation and service establishment. The Property is a public accommodation and service establishment.

15. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1993, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA, 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 28, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less.) 42 U.S.C. §1281 et seq., and 28 C.F.R.§36.508(a).

16. The Facility must be, but is not, in compliance with the ADA and ADAAG. The Property must be, but is not, in compliance with the ADA and ADAAG.

17. Plaintiff has attempted to and has, to the extent possible, accessed the Facility and Property in his capacity as a customer of the Facility and Property, but could not fully do so because of his disabilities and to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

18. Plaintiff intends to visit the Facility and Property again in the very near future, as a customer, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

19. Defendants have discriminated against the Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exists at the Facility and Property accessible to and usable by persons with disabilities, including Plaintiff.

20. Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and precluded and/or limited Plaintiff's ability (because of his disability) to access the Facility and Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, which include:

**ACCESSIBLE ELEMENTS:**

    a,    The Facility and/or Property's designated and accessible parking spaces are not in compliance with Sections 502 and 502.2 of the 2010 ADAAG.

    b.    The Facility and/or Property lacks the proper clear pathway to the accessible entrance in violation of Sections 402, 403.5, 403.5.1 and 404.2.3 of the 2010 ADAAG.

    c.    The Front door of the said Facility and/or Property lacks the proper max. of five pound pull force in violation of Sections 404.2.8 and 404.2.9 of the 2010 ADAAG.

    d.    The Facility and/or Property's has reach in coolers in violation of Sections 308, 308.1, 308.2 and 308.3 of the 2010 ADAAG.

**RESTROOMS**

    a.    The Facility and/or Property lacks restroom signage in compliance with sections 216.8 and 703 of the 2010 ADAAG. This made it difficult for Plaintiff to locate accessible restroom facilities.

    b.    The accessible restroom in the Facility and/or Property lacks either a rear wall grab bar or the side wall grab bar in violation of Sections 604, 604.5 and 604.5.2 of the 2010 ADAAG.

    c.    The restroom's sink in the said Facility and/or Property is obstructed in violation of Sections 306.2, 306.3, 606.1 and 606.2 of the 2010 ADAAG.

    d.    The restroom in the Facility and/or Property lacks proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to utilize the restroom facilities.

e.  The restroom in the Facility and/or Property lacked the proper Mirror in violation of Section 603.3 of the 2010 ADAAG, making it difficult for Plaintiff to use.

f.  The restroom in the Facility and/or Property lacked the proper soap and paper towel dispensers in violation of Section 604.7 of the 2010 ADAAG, making it difficult for Plaintiff to use.

g.  The toilet in the Facility and/or Property was too high in violation of Sections 603 and 604.4 thus making it difficult for the Plaintiff to use.

19. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and/or Property. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory acts violating the ADA.

20. All of the above violations are readily achievable to modify in order to bring the Facility and/or Property into compliance with the ADA.

21. The removal of the physical barriers and dangerous conditions present at the Facility and/or Property is readily achievable because the nature and cost of the modifications are relatively low and the Defendant has the financial resources to make the necessary modifications.

22, Upon information and belief, the Facility and/or Property has been altered since 2010.

23. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed paragraph 18 can be applied to the 1991 ADAAG standards.

24. Plaintiff has attempted to gain access to the Facility and/or Property in his capacity as a customer, but because of his/her disability has been denied access to, and has been denied the

benefits of services, programs, and activities of the Facility and/or Property, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendants because of Plaintiff's disabilities, unless and until Defendants are compelled to remove unlawful barriers and conditions and comply with the ADA.

25. The removal of physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. §12182(b)(2)(A); 42 U.S.C.§12181(9); 28 C.F.R.§36.304.

26. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth therein. The relief requested serves the public interest and the benefit to Plaintiff and the public far outweigh any detriment to Defendants.

27. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of the instant action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §§ 12205 and 12117.

28. Pursuant to 42 U.S.C. §12188(a) this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff respectfully requests that this Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove physical barriers to access and alter the subject Facility and Property to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and award the Plaintiff his reasonable attorney's fees, litigation expenses and costs.

Respectfully submitted,

Dated: September 10, 2015

Joe M. Quick, Esq.
Bar Number 0883794
Attorney for Plaintiff
Law Office of Joe M. Quick, Esq.
1102 E. Moody Blvd.
P.O. Box 2536
Bunnell, Florida 32110
Telephone: (386) 586-6985
Fax: (386)
E-Mail: joequickesq@gmail.com